IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA D. PONCE,<br><br>    Plaintiff,<br><br>v.<br><br>CODILIS & ASSOCIATES, P.C.,<br><br>    Defendant. | Case No. 1:18-cv-05168 |

## COMPLAINT

NOW COMES the Plaintiff, MARIA D. PONCE, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CODILIS & ASSOCIATES, P.C., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION, PARTIES AND VENUE

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff' FDCPA claims.

2. MARIA D. PONCE ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as she is a natural person obligated or allegedly obligated to pay a debt.

4. CODILIS & ASSOCIATES, P.C. ("Defendant") is a domestic professional corporation with its principal place of business in Burr Ridge, Illinois.

1

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

6. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

7. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

8. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

9. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. On July 23, 2013, Plaintiff executed a mortgage (the "Mortgage") in favor of Bank of America, N.A. ("BANA").

11. The Mortgage secured the purchase of Plaintiff's personal residence located at 3624 West 56th Street, Chicago, Illinois 60629-3817 (the "Property").

12. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $105,565.00 (the "Loan").

13. Plaintiff defaulted on the Mortgage by failing to make monthly installments due under the Loan.

14. BANA sold, assigned and transferred the Mortgage to PennyMac Loan Services, LLC ("PennyMac").

15. On December 31, 2016, Plaintiff initiated a bankruptcy case in the Northern District of Illinois by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

16. The Confirmed Chapter 13 Plan, dated April 4, 2017, provided:

> **Section C.** *Direct payment of claims by debtor.* The debtor will make current monthly payments, as listed in the debtor's Schedule J – increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters – directly to the following creditors holding claims secured by a mortgage on the debtor's real property:
>
> Creditor: PennyMac Loan Servicing, LLC, monthly payment, $908.67
>
> \*\*\*
>
> **Section E.** *Disbursements by the trustee.* 5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
>
> (a) To creditor PennyMac Loan Services, LLC, arrears of $14,520.62, payable monthly from available funds, pro rata with other mortgage arrears, ▪ without interest/or/▫ with interest at an annual percentage rate of \_\_\_%. These arrearage payments, over the term of the plan, are estimated to total $14,520.62.

17. In January, 2017, Plaintiff made payment in amount of $908.67 to PennyMac.

18. In February, 2017, Plaintiff made payment in amount of $908.67 to PennyMac.

19. In March, 2017, Plaintiff made payment in amount of $908.67 to PennyMac.

20. In April, 2017, Plaintiff made payment in amount of $908.67 to PennyMac.

21. In May, 2017, Plaintiff made payment in amount of $909.00 to PennyMac.

22. In June, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

23. In July, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

24. In August, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

25. In September, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

26. In October, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

27. In November, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

28. In December, 2017, Plaintiff made payment in amount of $910.00 to PennyMac.

29. In January, 2018, Plaintiff made payment in amount of $910.00 to PennyMac.

30. On January 26, 2018, PennyMac, through Defendant, filed a Notice of Mortgage Payment Change to inform Plaintiff that effective March 1, 2018, Plaintiff's mortgage payment was increasing from $908.67 to $945.98 to account for a $44.89 escrow payment increase.

31. In February, 2018, Plaintiff made payment in amount of $1,000.00 to PennyMac.

32. In March, 2018, Plaintiff made payment in amount of $1,000.00 to PennyMac.

33. In April, 2018, Plaintiff made payment in amount of $1,000.00 to PennyMac.

34. On June 25, 2018, PennyMac, through Defendant, filed a Motion for Relief from Stay (the "Motion").

35. The Motion stated, *inter alia*:

> 6. Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d) for the following reasons:
>
> a) As of 06/14/2018, the Debtor(s) is/are past due for the 4/1/18 payment, and all amounts coming due since that date. Any payments received after this date may not be reflected in this default;
>
> b) As of 06/14/2018, the total post-petition default through and including 6/1/18 is $3,515.90, which includes a suspense credit of $353.04. Any payments received after this date may not be reflected in this default. This amount includes post-petition attorney fees in the amount of $1,031.00.
>
> c) On 07/01/2018, the default will increase to $4,461.88 and will continue to increase as additional amounts become due.

36. The Motion was addressed to Plaintiff.

37. A true and correct representation of the Motion is attached as Exhibit A.

38. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveys information regarding the debt allegedly owed directly to Plaintiff.

39. Exhibit A attempted to collect monies owed by Plaintiff on the Loan.

40. By transmitting Exhibit A to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

### INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692e

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. The indebtedness allegedly owed to PennyMac is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. Section 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

45. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

46. Defendant violated 15 U.S.C. §§ 1692e and e(10) by falsely representing "[a]s of June 1, 2018, [Plaintiff was] past due for the April 1, 2018 payment."

47. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) by falsely representing "[a]s of June 1, 2018, the total post-petition default through and including June 1, 2018 [was] $3,515.90.

48. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10); and therefore Plaintiff is entitled to recover damages and costs of the action, together with reasonable attorney's fees.

49. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e, e(2), and e(10);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), and e(10);

C. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

July 30, 2018                                                                          Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Maria D. Ponce*